# Lovitt & Company *v.* Erie Milling & Supply Company, Appellant.

*Contracts—Contracts of sale—Delivery—Time—Trade usage.*

A seller, shipping goods in January, may not recover for goods sold for December shipment, no circumstances appearing to justify the failure to ship as agreed. The evidence offered to show a custom concerning delivery was held insufficient.

Argued April 9, 1923. Appeal, No. 97, April T., 1923, by defendant, from judgment of C. P. Erie County, Sept. T., 1920, No. 222, on verdict for plaintiff, in the case of L. B. Lovitt and Company v. Erie Milling and Supply Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for breach of contract. Before ROSSITER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $368.94, and judgment thereon. Defendant appealed.

*Errors assigned* were the charge of the court, and refusal of defendant's motion for judgment non obstante veredicto.

*Charles A. Mertens,* and with him *W. J. Young,* for appellant.—Time of delivery was of the essence of the contract: Duffield v. Hue, 129 Pa. 94; Shafer v. Senseman, 125 Pa. 310; Hillman & Co. v. Joseph & Bros., 9 Pa. Superior Ct. 1; Estate of Hermen Heller, 6 Pa. Superior Ct. 246; 13 C. J., 686 Pa. 783; 13 C. J., 681, par. 775; 13 C. J., 688, par. 783.

*George M. Mason,* for appellee.

OPINION BY LINN, J., July 12, 1923 :

Appellant refused to take cottonseed meal which it had ordered from plaintiff in Tennessee, for delivery in Pennsylvania.   The seller sold it in the market, sued, and after a trial, has judgment.   The buyer appeals and presents two contentions, only one of which we need consider.

The order specified December shipment.   No shipment was made until January 7, 1920, and then, from some point in Texas.   Cancellation took place in February, 1920, though it does not appear whether the car had then arrived or not.   The defense was that shipment was not made "during the month of December, 1919, as per the contract."   To avoid the effect of that fact—which was admitted—plaintiff attempted to prove a trade custom, in substance, that December shipment did not mean what it said and that a shipment on January 7, 1920, complied with the order.   The effort failed, as an examination of the record shows.

Plaintiff's place of business is Memphis, Tenn.   The only evidence of usage was the deposition of a witness, plaintiff's sales manager, at Memphis.   He was asked, "State how long a time L. B. Lovitt & Company would be allowed to make shipment under the order received from the Erie Milling & Supply Company according to the usual course of business in buying, selling and shipping the class of merchandise specified in your answer to the fifth interrogatory?"   He replied, "In the ordinary course of business purchase and sales of cotton seed products contemplate shipment within a reasonable time after necessary directions are received and the buyer is privileged to cancel, or repurchase for the sellers' account any material unreasonably delayed, provided 24 hours' notice is served of his intentions to exercise one or the other of these options."   By cross-interrogatory he was asked: "Do you know or can you set forth any other matter or thing which may be of benefit or advantage to the parties at issue in this case or either of them or that may be material to the subject of this

examination, or the matter in question in this case? If yea, set forth the same fully and at large in your answer." He answered: "In a general summary of the questions at issue in this case I respectfully submit on behalf of the plaintiffs, L. B. Lovitt & Company, that an order given is not subject to cancellation under trade usage at any time except after 24 hours' notice and is not subject to cancellation in any event after the merchandise is in transit."

Appellant's president testified there was no custom affecting the order. The court submitted the matter to the jury and its submission is properly assigned as error. The law concerning the proof of usage has been so recently considered by the Supreme Court that we need not restate it: see Albus v. Toomey, 273 Pa. 303, 305. The evidence offered in this case is incompetent and insufficient. The seller contends that when appellant stated it required "December shipment" it intended something else, to wit: December shipment modified by some trade usage. The first answer of the witness quoted has no application to the transaction before us; that answer is predicated of orders where "necessary directions" for shipment are required; no additional direction or requisitions were contemplated here, for "December shipment" was specified in the order. As the second answer of the witness is merely his "general summary of the questions at issue in this case," it has no relevance whatever; it was not for him to make such general summary.

As the record shows plaintiff has not complied with the order, defendant's request for binding instructions should have been affirmed.

Judgment reversed and here entered for the defendant.